IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK HOFFMAN, | |
| *Plaintiff*, | Civil Action No. 2:19-cv-176 |
| v. | Hon. Peter J. Phipps |
| MIDLAND FUNDING, LLC, | |
| *Defendant*. | Re: ECF No. 3 |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed an action in state court complaining of unfair debt collection practices under both federal law and state law. Defendant removed the case to federal court and moved to dismiss for failure to state a claim for relief. Defendant's central argument before the Court is that the complaint does not plausibly allege a "debt" as defined under a federal statute, the Fair Debt Collection Practices Act. That argument has merit and results in the dismissal of the federal claim without prejudice. As to the state-law claims, the Court declines to exercise supplemental jurisdiction over them and remands the remainder of the case to state court.

## BACKGROUND

This action arises out of a debt collection dispute. Plaintiff, Mark Hoffman, originally filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania, claiming that defendant, Midland Funding, LLC, engaged in several abusive debt collection practices. *See* Pl.'s Compl., ¶¶ 15-29, ECF No. 1, Ex. A (Jan. 14, 2019). Based on those allegations, plaintiff sued defendant for violating the Fair Debt Collection Practices Act (FDCPA), the Pennsylvania Fair Credit Extension Uniformity Act, and the Pennsylvania Unfair Trade Practices and

Consumer Protection Law. *See id.* ¶¶ 30-58. Plaintiff filed a complaint on January 14, 2019, and served defendant on January 19, 2019.

Defendant has responded in two ways. First, because plaintiff asserted a claim under federal law, defendant removed this action to this Court. *See* Notice of Removal, ECF No. 1 (Feb. 18, 2019); *see also* 28 U.S.C. § 1441(c)(1).[1] Second, defendant moved to dismiss based on deficiencies in plaintiff's federal and state claims. *See* Def.'s Mot., ECF No. 3 (Feb. 22, 2019). By court order, plaintiff had until March 15, 2019, to oppose defendant's motion, but plaintiff has neither responded nor requested an extension of time. *See* Order, ECF No. 5 (Feb. 26, 2019).

## ANALYSIS

A motion to dismiss filed pursuant to Civil Rule 12(b)(6) tests the legal sufficiency of a complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). If a complaint fails to allege facts sufficient to state a plausible claim for relief, then upon motion, it should be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating the sufficiency of allegations in a complaint, a court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262-63 (3d Cir. 2008). Under this standard, a court may still disregard unsupported conclusory statements and reject inferences that are unsupported by the allegations. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action,

---

[1] Defendant's removal was timely. Defendant filed a notice of removal on February 18, 2019, which was within 30 days of January 19, 2019, the date the complaint was served – and that is timely when a defendant does not receive prior notice of the complaint. *See* 28 U.S.C. § 1446(b)(1); *see also Calhoun v. Murray*, 507 F. App'x 251, 259 (3d Cir. 2012).

supported by mere conclusory allegations, do not suffice."); *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011); *Fowler*, 578 F.3d at 210.

When a plaintiff fails to respond to a motion to dismiss, a court retains discretion to dismiss the complaint summarily as a sanction for non-compliance with local rule or court order. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) ("The fact is that if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted[,] [r]ather, it is dismissed as a sanction for failure to comply with the local court rule.").[2] Rather than rely solely on that basis to dismiss plaintiff's complaint, the merits of defendant's arguments are also addressed.

A.   **Count I: A Claim under the Fair Debt Collection Practices Act**

In Count I, plaintiff claims that defendant violated three provisions of the Fair Debt Collection Practices Act. First, plaintiff alleges that defendant, as a debt collector, illegally communicated with plaintiff, a consumer, in connection with a debt in violation of 15 U.S.C § 1692c(a)(2). Second, plaintiff asserts that defendant engaged in conduct to harass, oppress, or abuse plaintiff in connection with the collection of a debt in violation of 15 U.S.C § 1692d. Third, plaintiff claims that defendant used unconscionable means to collect a debt by disclosing plaintiff's account number in violation of 15 U.S.C § 1692f(8). *See generally Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303-06 (3d Cir. 2014) (holding that disclosure of an

---

[2] *See also Tambasco v. U.S. Dep't of Army*, 2018 WL 1203466, at *2 (M.D. Pa. Mar. 8, 2018) (dismissing claims as unopposed when plaintiff failed to respond to arguments by defendants in their motion to dismiss); *Lada v. Del. Cty. Cmty. Coll.*, 2009 WL 3217183, at *10 (E.D. Pa. Sept. 30, 2009) ("To put it simply: plaintiffs who fail to brief their opposition to portions of motions to dismiss do so at the risk of having those parts of the motion to dismiss granted as uncontested.").

account number violates 15 U.S.C. § 1692f(8)). Each of those grievances relates to the collection of a "debt," a term that the Fair Debt Collection Practices Act defines specifically. Defendant moves to dismiss Count I because the complaint does not plausibly allege that plaintiff's debts are within the FDCPA's specific definition of the term "debt." *See* Def.'s Mem. at 2, ECF No. 4.

As used in the Fair Debt Collection Practices Act, the term "debt" is limited to obligations by a consumer arising out of transactions that are primarily for personal, family, or household purposes:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5); *see Dixon v. Golden-Masano-Bradley, Law Firm*, 228 F. App'x 142, 143-44 (3d Cir. 2007); *see also* 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obliged or allegedly obliged to pay any debt."). As used in the FDCPA, the term "debt" is defined more narrowly than its common meaning. *See* Webster's Third New International Dictionary 583 (1981) (defining "debt" as "something (as money, goods, or services) owed by one person to another" or "something owed"); *see also* Black's Law Dictionary 488 (10th ed. 2009) (defining "debt" more broadly than the term "consumer debt").

The question here is whether general allegations of "debt" plausibly fall within the FDCPA's statutory definition of "debt." The Third Circuit has not directly addressed this issue. In an unreported case, the Circuit affirmed the dismissal of a FDCPA claim related to a promissory note that expressly stated that the proceeds were not to be used for personal, family, or household purposes. *See Dixon*, 228 F. App'x at 144. That outcome suggests that the

FDCPA's specialized definition of "debt" merits consideration in evaluating the plausibility of pleadings. By way of further benchmark, in the context of the Americans with Disabilities Act, the Circuit held that a complaint's reference to "disability" generally did not satisfy the specialized statutory definition of that term. *See Amiot v. Kemper Ins. Co.*, 122 F. App'x 577, 580 (3d Cir. 2004) (affirming the dismissal of the complaint); *see also* 42 U.S.C. § 12102(1) (defining "disability" for purposes of the American with Disabilities Act). That holding, although again from an unreported case, suggests that if a statute defines a term more narrowly than its common usage, then to meet minimal pleading standards, allegations must satisfy the specialized statutory definition.

Those conclusions are borne out by courts in this Circuit, which have on several occasions dismissed complaints that lack plausible allegations to satisfy the FDCPA's specialized definition of debt. *See, e.g., Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 598 (E.D. Pa. 2014) (merely stating "Defendant is a debt collector as that term is defined by 15 U.S.C.A. § 1692a(6), and sought to collect a *consumer debt* from Plaintiff" is insufficient to plead a covered "debt" under the FDCPA); *Sanon-Lauredant v. LTD Fin. Servs.*, 2016 WL 3457010, at *2 (D.N.J. June 22, 2016) (holding that recitation of the FDCPA's definition of "debt," unsupported by any facts, is insufficient to survive motion to dismiss); *Vaquero v. Frederick J. Hanna & Assocs., P.C.*, 2013 WL 5947011, at *2 (D.N.J. Nov. 6, 2013) (same); *Nicholas v. CMRE Fin. Servs., Inc.*, 2009 WL 1652275, at *2 (D.N.J. June 11, 2011) (same).[3]

---

[3] *See also Holland v. Chase Home Fin., LLC*, 2011 WL 4025220, at *8 (E.D. Va. Sept. 9, 2011) (finding plaintiff pleaded insufficient facts to satisfy the term "debt collector" under the FDCPA); *Fenn v. CIR, Law Offices*, 2011 WL 2621002, at *3 (E.D. Cal. June 29, 2011) (restating definition of "debt" in complaint was a legal conclusion to properly be disregarded); *Sullivan v. CTI Collection Servs.*, 2009 WL 1587588, at *2 (M.D. Fla. June 5, 2011) (dismissing a case under the FDCPA that referenced only the statutory definition of debt without more).

When, however, allegations support the reasonable inference that the debt was within the meaning of the FDCPA's definition, that suffices for plausibility. *See Ali v. Portfolio Recovery Assocs., LLC*, 2014 WL 4352316, at *2 (D.N.J. Sept. 2, 2014). But the allegations here do not permit the reasonable inference that plaintiff's debt related to transactions primarily for personal, family, or household purposes. *See* Pl.'s Compl., ECF No. 1, Ex A. Although it is possible that plaintiff's "debt" meets the FDCPA's specialized statutory definition, under the pleading standard, mere potential falls short of plausibility. *See Twombly*, 550 U.S. at 557 (abrogating the "no set of facts" pleadings standard in *Conley v. Gibson*, 355 U.S. 41 (1957), and explaining if that standard were taken literally, it would prevent dismissal of a complaint based only on "the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery" (citation omitted)).

For these reasons, Count I is dismissed without prejudice.

**B.      Counts II and III: Supplemental Jurisdiction over State-Law Claims**

Plaintiff's remaining two counts are state-law causes of action: alleged violations of the Pennsylvania Fair Credit Extension Uniformity Act and of the Pennsylvania Unfair Trade Practices and Consumer Protection Law. Those claims do not present federal questions, but as claims related to the FDCPA, they are within the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). When federal question jurisdiction ceases to exist, a district court may, in its discretion, decline to exercise supplemental jurisdiction over the remaining claims. *See* 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental jurisdiction over state-law claims] after dismissing every claim over which it had original jurisdiction is *purely* discretionary." (citation omitted) (emphasis added)). More specifically, a court "*must* decline to decide the

6

pendent state claims *unless* considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added); *see also Acosta v. Democratic City Comm.*, 288 F. Supp. 3d 597, 651 (E.D. Pa. 2018). No such affirmative justification compels supplemental jurisdiction here; the remainder of the complaint is remanded to the Court of Common Pleas of Allegheny County. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be appropriate).

## CONCLUSION

Upon consideration of Defendant Midland Funding LLC's Motion to Dismiss, ECF No. 3, IT IS HEREBY ORDERED that the motion is GRANTED. Count I of the complaint is DISMISSED without prejudice and the remainder of the complaint, which consists of Count II and Count III, is REMANDED to the Court of Common Pleas of Allegheny County.

BY THE COURT:

**March 26, 2019**　　　　　　　　　　　　　　　　　　　　*/s/ Peter J. Phipps*
Date　　　　　　　　　　　　　　　　　　　　　　　　　　　PETER J. PHIPPS
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE